(38 South. 823.)

No. 15,689.

PEOPLE'S SAVINGS, TRUST & BANKING CO. v. LOUQUE et al.

(June 5, 1905.)

ACTION ON NOTE—DEFENSES—EVIDENCE.

Suit on demand note against maker and indorser, and the latter appeals from judgment against both. Special defenses set up not sustained by the evidence.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by People's Savings, Trust & Banking Company against William N. Louque and Mrs. A. Pons, in solido. Judgment for plaintiff, and Pons appeals. Affirmed.

Paul Louis Fourchy, for appellant. Emile Pomés, for appellee Wm. N. Louque. Emile J. Méral, for other appellee.

LAND, J. Plaintiff sued defendants in solido on the promissory note of Wm. N. Louque for $5,000, dated New Orleans, March 3, 1903, payable on demand to his order, and by him and Vve. A. Pons indorsed in blank.

This note was duly presented for payment on January 26, 1904, and was on the same day protested for nonpayment, and notice given to Mrs. A. Pons.

Defendant Louque answered, admitting his signature, and averring that the note was discounted in plaintiff's bank, and was secured by pledge of mortgage bonds of the Port Vincent Brick & Manufacturing Company amounting to about $20,000. The answer further averred that said company was in liquidation, and that plaintiff bank had received certain amounts from the receiver which should be imputed in payment of the note sued on. Respondent further averred payment to plaintiff of sundry sums as interest on said note; the last payment being of date December 31, 1903.

The other defendant, Mrs. A. Pons, answered, pleading the general issue, and setting up the following special defense, to wit:

"Further answering, she says: That the plaintiff at various times made demand upon W. N. Louque, the maker of the note sued on, for the payment thereof, thus causing said note to mature, and that after said demands were made the plaintiff extended said note at different periods for ninety days at a time, taking

from said Louque interest for said delays. That by demanding payment of said note the plaintiff fixed the maturity thereof as on the first demand. Said note not having been protested at that time, this respondent became released and discharged therefrom. That, moreover, the continued extensions of said note, and the giving of time for the payment thereof to the maker—same being done without the knowledge and consent of this respondent—discharged all liability as against her, if it ever existed, on said note."

Plaintiff obtained judgment against both defendants in solido for the full amount of the note sued on, with interest from March 3, 1903, until paid, and all costs of suit and of protest.

Mrs. A. Pons alone has appealed from this judgment.

The demand note sued on was delivered by Wm. N. Louque to the People's Bank as collateral security for his own call note for $5,000 of the same date, and bearing the same rate of interest. It is admitted that plaintiff bank is the successor of the People's Bank.

The call note was also secured by bonds of the Port Vincent Brick & Stave Company, Limited, to the aggregate amount of $20,000. The said company is insolvent, and is in the hands of a receiver. Plaintiff has collected nothing on the bonds pledged as collateral. It is shown, however, that interest was paid on the call note up to December 31, 1903.

The president of plaintiff bank testified that nothing has ever been paid on the note in suit, and that no demand for payment was ever made upon the maker, W. N. Louque, until the day on which the note was presented for payment and protested. Neither of the defendants testified, nor did they offer any evidence whatever.

We extract the following points from brief of counsel for Mrs. Pons, viz.:

"(1) That the note sued on had been repeatedly extended after its maturity, demand made for its payment from Mr. Louque, and this without any knowledge or consent of the indorser, Mrs. Pons.

"(2) That the bank is not the owner of said note, as alleged in the petition, and has no legal standing or right to sue or recover on said note."

The note was pledged to the bank as collateral security by W. N. Louque for the payment of a call note of like amount, and any other indebtedness he might owe the bank, was never extended, and no demand for the payment made until the day it was presented, dishonored, protested, and due notice given to the indorser.

Judgment affirmed.